ELECTRONICALLY FILED - 2023 Oct 30 4:58 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4005782

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

IN THE COURT OF COMMON PLEAS

Civil Action No.: 2023-CP-40-_____

Vernita White,

Plaintiff,

v.

Walmart, Inc. d/b/a Walmart Columbia Supercenter #1339; Wal-Mart Stores East, LP d/b/a Walmart Columbia Supercenter #1339,

Defendants.

**SUMMONS**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action (the original of which has been filed with the Clerk of Court for Richland County) and to serve a copy of your Answer or other responsive pleading to the said Complaint on the subscriber at his office at 1201 Main Street, Suite 1930, Columbia, South Carolina 29201, within thirty (30) days after the service thereof, exclusive of the date of such service, and if you fail to appear, answer or defend the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

s/James D. Floyd
Christopher F. Gibbs (SC Bar No. 100366)
James D. Floyd (SC Bar No. 101035)
GIBBS LAW FIRM, LLC
1201 Main St., Ste. 1930
Columbia, SC 29201
Tel. (803) 400-8214
Fax. (803) 400-8242
cgibbs@cgibbslawfirm.com
jfloyd@gibbslawsc.com
*Attorneys for Plaintiff*

October 30, 2023

ELECTRONICALLY FILED - 2023 Oct 30 4:58 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4005782

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | Civil Action No.: 2023-CP-40-_____ |
| Vernita White,<br>Plaintiff,<br>v.<br>Walmart, Inc. d/b/a Walmart Columbia Supercenter #1339; Wal-Mart Stores East, LP d/b/a Walmart Columbia Supercenter #1339,<br>Defendants. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

The plaintiff, Vernita White ("Plaintiff"), brings this action against the defendants, Walmart, Inc. d/b/a Walmart Columbia Supercenter #1339 ("Walmart") and Wal-Mart Stores East, LP d/b/a Walmart Columbia Supercenter #1339 ("Columbia Supercenter") (collectively, "Defendants") based upon the allegations set forth below.

**PARTIES, JURISDICTION, AND VENUE**

1. The parties, subject matter, and all matters and things hereinafter alleged are within this Court's jurisdiction.

2. Plaintiff is a resident of the County of Beaufort, State of South Carolina.

3. Upon information and belief, Walmart is a foreign corporation existing under the laws of the State of Delaware doing business in the County of Richland, State of South Carolina.

4. Upon information and belief, Columbia Supercenter is a foreign corporation existing under the laws of the State of Delaware doing business in the County of Richland, State of South Carolina.

5. Venue is proper in this Court because the incident that is the subject of this lawsuit occurred in the County of Richland, State of South Carolina.

ELECTRONICALLY FILED - 2023 Oct 30 4:58 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4005782

## FACTS

6. At all times relevant to this action, the Defendants did own, operate, manage and/or maintain a retail establishment located at 10060 Two Notch Rd, Columbia, South Carolina 29223 ("Premises") including the business activities, ground areas, surfaces and buildings as located thereon.

7. On or about November 1, 2020, Plaintiff was a customer, patron, and business invitee of the Defendants, with the intent to purchase fabric patterns, which were kept for display in large cabinets with heavy drawers.

8. While attempting to look at the fabric patterns, the defective display failed and fell on Plaintiff thereby causing her to suffer severe personal injuries.

9. Plaintiff had no knowledge that the display was defective, and she had no reason to suspect danger when opening the drawer of the cabinet display.

10. That, upon information and belief, at all times prior to the subject incident, the Defendants knew or should have known that the subject display was defective, unfit, and/or not intended for use in a retail store among the general public.

11. That, upon information and belief, the Defendants failed to safeguard or protect its customers from defective displays, despite a reasonable opportunity to do so.

12. That the incident and resulting injuries to the Plaintiff were caused by the negligence of the Defendants, who failed to utilize reasonable care in operating the retail establishment, which was open to business invitees, customers and patrons.

13. At all times relevant to this action, persons acting on behalf of the Defendants were acting individually and as agents, servants, and/or employees, and within the scope of their agency and/or employment with the Defendants.

ELECTRONICALLY FILED - 2023 Oct 30 4:58 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4005782

14. At all times relevant to this action, the Defendants are liable for the acts and/or omissions of its agents, servants, and/or employees within the scope of their agency and/or employment with the Defendants, under the doctrine of respondent superior.

15. That, upon information and belief and at all times pertinent hereto, the Defendants owed a duty to business invitees, guests and patrons at the Premises, including the Plaintiff, to own, maintain, operate and/or manage the Premises, in a safe condition.

16. That the aforesaid acts of negligence on the part of the Defendants were the direct and proximate cause of the injuries sustained by the Plaintiff. The Defendants failed to attend to duties owed to the Plaintiff and these failures constitute actionable negligence on their part.

17. That the aforesaid acts of negligence on the part of the Defendant constitutes gross and reckless negligence in that the Defendants conducted themselves in a reckless and irresponsible manner, to the utter disregard of the health and safety of those, and especially the Plaintiff.

18. That by reason and in consequence of the aforesaid acts and/or omissions of the Defendants, Plaintiff sustained serious personal injuries.

19. The Defendants were negligent, negligent per se, grossly negligent, willful, wanton and reckless and breached the duties owed to the Plaintiff in one or more of the following ways:

a) In creating and/or maintaining unsafe, defective, and/or dangerous conditions at the subject Premises;
b) In failing to exercise due care;
c) In failing to do what a reasonable entity would have done under the same or similar circumstances;
d) In failing to properly safeguard against the hazardous, unsafe, defective, and/or dangerous conditions at the subject Premises;
e) In failing to properly own, manage, operate, and/or maintain the subject Premises;
f) In failing to properly oversee that the subject Premises was owned, managed, operated, and/or maintained in a safe, and non-dangerous condition;
g) In failing to properly hire, train, supervise, manage and retain adequate

ELECTRONICALLY FILED - 2023 Oct 30 4:58 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4005782

personnel at the subject Premises;

h) In failing to properly develop, implement and utilize reasonably feasible and readily available safety measures;

i) In failing to properly identify and report hazardous, unsafe, defective, and/or dangerous conditions at the Premises;

j) In allowing and permitting hazardous, unsafe, defective, and/or dangerous conditions to exist on the premises in question;

k) In failing to follow generally accepted standards of care applicable to the operation of such a business;

l) In negligently and recklessly violating its own policies and procedures and operations and safety manuals as pertains to the hiring, training and supervision of its employees, agents and servants;

m) In negligently and recklessly violating its own policies and procedures and operations and safety manuals as pertains to keeping areas where customers, patrons and business invitees traverse safe and free from dangers and hazards;

n) In failing to otherwise comply with the applicable laws and regulations of the State of South Carolina and other applicable laws and regulations; and

o) In such other actions and omissions as discovery, further investigation and trial may reveal.

All of which were a direct and proximate cause of the injuries and damages suffered by the Plaintiff herein. The Defendants failed to provide reasonable safety measures and attend to its duties owed to the Plaintiff and these failures constitute actionable negligence on their part, said acts occurring in violation of the statutes and laws of the State of South Carolina.

20. That as a direct and proximate result of the negligence, negligence *per se*, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, jointly and severally, and by its agents and employees, the Plaintiff has been injured and damaged in the following respects:

a. Past and future medical and affiliated health care expenses for diagnosis, treatment and rehabilitation, amongst others;

b. Past and future physical and mental pain and suffering;

c. Diminished earning capacity;

d. Past and future mental, emotional and psychological distress;

ELECTRONICALLY FILED - 2023 Oct 30 4:58 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4005782

f. Loss of enjoyment of life;

g. Permanent injuries/impairment;

WHEREFORE, the Plaintiffs pray for judgment against the Defendants in an amount to be determined at the trial of this case which will be sufficient to compensate the Plaintiff for the injuries she suffered, as well as punitive damages in amounts sufficient to impress upon the Defendants the seriousness of the conduct involved and to deter such similar conduct in the future, together with the costs and attorneys' fees incurred in this action, and for such other and such further relief as this Honorable Court may deem just and proper.

s/James D. Floyd
Christopher F. Gibbs (SC Bar No. 100366)
James D. Floyd (SC Bar No. 101035)
GIBBS LAW FIRM, LLC
1201 Main St., Ste. 1930
Columbia, SC 29201
Tel. (803) 400-8214
Fax. (803) 400-8242
cgibbs@cgibbslawfirm.com
jfloyd@gibbslawsc.com
*Attorneys for Plaintiff*

October 30, 2023